# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 30, 2013

No. 12-40597
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAVIER DE JESUS BARRAGAN-MALFABON, also known as Javier Arturo
Barragan-Malfabon,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:12-CR-73-1

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Javier De Jesus Barragan-Malfabon (Barragan) appeals the 87-month
sentence imposed following his guilty plea conviction to one count of possession
with intent to distribute 1000 kilograms or more of marijuana. He asserts that
the district court erred in imposing a two-level enhancement pursuant to
U.S.S.G. § 2D1.1(b)(12) (2011 version) for maintaining a premises for the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

purpose of manufacturing or distributing a controlled substance. Because Barragan objected to the imposition of this enhancement in the district court, we review the district court's application of the Sentencing Guidelines de novo and its factual findings for clear error. *See United States v. Villanueva*, 408 F.3d 193, 203 & n.9 (5th Cir. 2005).

Before this court, Barragan asserts that the enhancement should not apply because there was no direct evidence that he was manufacturing or distributing marijuana from the residence in question and because there was no evidence of temporal continuity in the use of the residence for drug-related purposes. Under the plain language of the commentary to § 2D1.1, the enhancement applies if the defendant stores controlled substances for the purposes of ultimate distribution; Barragan pleaded guilty to possessing marijuana with the intent to distribute it. *See* § 2D1.1, comment. (n.28). Even if we assume that § 2D1.1(b)(12) includes a temporal element, Barragan admitted that he had retrieved drugs on multiple occasions three months before marijuana was found in his home, satisfying such a requirement.

Barragan also argues that the enhancement was improper because the primary purpose of the home was to house his family rather than to engage in marijuana transactions. Under the Guidelines, the Government need show only that the manufacturing or distribution of controlled substances is a primary or principal use of the facility, rather than the exclusive purpose. § 2D1.1, comment. (n.28). The presentence report indicated that Barragan maintained exclusive control over a locked room in the house that was apparently used only for the storage of marijuana. He possessed over 1000 kilograms of marijuana in the house and was paid for the storage; Barragan also was holding $81,220 for an unknown person. Barragan had in his possession a compressor and packaging materials; although he explained that

he used the packaging to repair ripped bundles, he could not explain the purpose of the compressor. A burned document that appeared to be a drug ledger was found on Barragan's barbecue pit, and Barragan's brother attributed the notebook to Barragan. The district court did not clearly err in determining that the large amounts of marijuana and currency, combined with evidence indicating that Barragan might be involved in packaging the drugs and in either recording sales or destroying evidence of such sales, established that a primary use of the home was the storage of controlled substances for distribution purposes. *See Villanueva*, 408 F.3d at 203 & n.9; § 2D1.1, comment. (n.28). Consequently, the judgment of the district court is AFFIRMED.